UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                                             DECISION AND ORDER

                                                                             10-CR-6156L
                                                                             12-CV-6057L

                               v.

VINCENT HOWARD,

                               Defendant.
_____

       Defendant Vincent Howard ("Howard") waived indictment and pleaded guilty to a two-count Information charging him with a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud) and § 1028A (aggravated identity theft). At sentencing on January 27, 2011, the Court sentenced Howard to an aggregate term of 60 months, 36 months on the conspiracy charge and the mandatory, consecutive 24 month on the aggravated identity theft charge.

       On January 30, 2012, Howard filed a letter-motion (Dkt. #32) pursuant to 28 U.S.C. § 2255 seeking an order vacating the judgment and sentence. The Government filed a lengthy Response (Dkt. #35) and included with that Response was a copy of the plea agreement, a full transcript of the plea proceedings on September 8, 2010, and a full transcript of the sentencing on January 27, 2011.

       Defendant claims that he received ineffective assistance of counsel. The only claim presented by Howard is his claim that the Information to which he pleaded guilty was defective and that his attorney provided ineffective assistance by not challenging it.

       The Court is familiar with the proceedings and has reviewed the plea agreement the presentence report, and the transcripts of all court proceedings, and I find that Howard's claim of ineffective assistance of counsel to be without merit and, therefore, the motion must be denied.

Howard, who has a lengthy record involving crimes similar to what he pleaded to before this Court, signed a plea agreement charging him with conspiracy to defraud financial institutions. The factual basis in the plea agreement described a scheme where Howard created and gave checks to various co-conspirators, provided them with identification cards to open bank accounts, and withdraw monies from several financial institutions located in the Western District of New York.

The plea agreement provided that Howard would plead to the conspiracy charge and aggravated identity theft which required a mandatory 24 month consecutive sentence. The plea agreement also provided that there would be a four-level upward adjustment to the United States Sentencing Guidelines ("Guidelines") because Howard was the leader or organizer of the criminal activity. The parties were uncertain at the time of the plea as to whether Howard would be determined to be a Criminal History V or VI, and the plea agreement provided for both eventualities in discussing the potential Guideline range. The plea agreement also provided that Howard waived any right to appeal the sentence within the Guidelines or bring any collateral proceeding, such as a § 2255 proceeding.

Howard now claims that the Information failed to allege that he intended to harm a financial institution. This claim is without merit and does not provide the basis for an ineffective assistance of counsel claim. The Information tracked the statute. In addition, the Court discussed the elements with Howard at the time of the plea which clearly provided that Howard executed a scheme with intent to defraud the bank. During the Rule 11 plea colloquy, Howard stated he understood all of the elements. The presentence report established a major conspiracy involving Howard and many associates. According to the presentence report, over eighty counterfeit checks were cashed by various individuals under the direction of Howard. There were numerous banks and other entities defrauded and the restitution amount due was approximately $50,000.00. Howard has numerous prior convictions and, therefore, his Criminal History category is the highest, VI.

The Rule 11 colloquy with Howard was extensive and detailed, and Howard never wavered when confirming his understanding of the charge, the elements and the facts to support the charge.

The plea agreement was thorough and detailed and Howard does not now contend otherwise. I found at the time the plea was entered that it was a knowing and voluntary plea and the facts today support the same conclusion.

As part of the plea, Howard did plead to an Information which was detailed and described the two crimes at issue by tracking or following the statute. Defendant admitted, under oath, the charges and received a sentence which was actually below the Guideline range proposed by the Probation Department. Howard had other matters pending in state court, including a violation of parole and at the time of sentencing in federal court had already received an 8-year sentence for the state court charges.

In Howard's case, he waived the right to file a post-judgment proceeding under § 2255 and, on that basis, this motion should be denied. Although in some cases a motion which raises issues of ineffective assistance of counsel survive a waiver, this case should not be one of them. Howard clearly understood the charges, the statutory maximum (30 years) plus a consecutive 24-month sentence for aggravated identity theft, and he understood the potential Sentencing Guideline range that he faced.

As to the substance of Howard's claim of ineffective assistance, it is without merit. In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established the performance and prejudice test to evaluate such claims. A defendant must establish that counsel's performance was "deficient" as measured objectively and that the deficient performance was prejudicial to his case. In this case, Howard can establish neither prong of the test. First, there is nothing deficient with Howard's counsel's performance relative to the Information. It properly alleged the crime and defendant admitted he was guilty of that crime. Howard and his lawyer presented themselves prepared to plead guilty to the two proposed charges and accept the sentences to be imposed. At the time of sentencing, Howard expressed his remorse and acknowledged his lengthy and serious criminal record. Howard's counsel performed properly at the taking of the plea and at sentencing when he raised some positive matters concerning Howard.

Counsel's performance was not deficient in any way, but Howard has also failed to credibly establish that the result of the case would have been different had the Information been challenged or modified. Howard's self-serving statement today that he would not have pled guilty strains credulity in light of the detailed proceedings that occurred when Howard entered his guilty plea.

## CONCLUSION

The motion of defendant Vincent Howard (Dkt. #32) brought pursuant to 28 U.S.C. § 2255 to vacate the judgment and sentence is in all respects denied.

Because defendant has failed to raise a substantial claim of a constitutional violation, I deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 1, 2012.